UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER STAMM, | |
| Plaintiff, | CIVIL COMPLAINT |
| v. | |
| CETERIS PORTFOLIO SERVICES, LLC dba SRA ASSOCIATES, | CASE NO. 3:21-cv-00869 |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, CHRISTOPHER STAMM ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of CETERIS PORTFOLIO SERVICES, LLC dba SRA ASSOCIATES ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Indiana and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Indiana.

1

## PARTIES

4. Plaintiff is a consumer over 18-years-of-age residing in St. Joseph County, Indiana, which is located within the Northern District of Indiana.

5. Defendant is a third-party debt collector organized under the laws of the state of Delaware, with its principal place of business located at 112 West Park Drive, Suite 200, Mount Laurel, New Jersey, 08054. Defendant's registered agent is located at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana, 46204. Defendant regularly collects upon consumers residing within the State of Indiana.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject debt") that Plaintiff allegedly incurred with *Medallion Bank* ("Medallion").

8. Upon information and belief, after Plaintiff's purported default with Medallion, the subject debt was subsequently turned over to Defendant for collection purposes.

9. During the fall of 2021, Plaintiff began receiving calls to his cellular phone, (574) XXX-0267, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular telephone ending in -0267. Plaintiff is and always has been financially responsible for the telephone and its services.

11. Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to (773) 241-8222.

12. Upon information and belief, the aforementioned phone number ending in -8222 is regularly utilized by Defendant during its debt collection activities.

13. Upon speaking with Defendant, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

14. Many of Defendant's phone calls were being placed while Plaintiff was at work, so in early October, Plaintiff answered one of Defendant's calls and requested that Defendant stop calling him, especially during his hours of employment, as he has been reprimanded by his employer for these phone calls.

15. Defendant's representative assured Plaintiff that Defendant would cease doing do, but in spite of Plaintiff's demands and Defendant's assurances, Defendant has continued to willfully place systematic calls to Plaintiff's cellular phone while Plaintiff has been at work.

16. Plaintiff has even reiterated these demands during subsequent phone calls with Defendant, but Plaintiff's multiple efforts to quell Defendant's contacts have been ineffective.

17. Seeing no end to Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

18. As a result of Defendant's actions, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

19. Plaintiff has been unfairly treated and harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, stress, invasion of privacy, aggravation that accompanies collection telephone calls,

emotional distress, increased usage of his telephone services, and diminished cellular phone capacity and functionality.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

#### i. Violations of the FDCPA, §1692c(a)(1)

26. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(1), prohibits a debt collector from communicating with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer."

27. Defendant violated §1692c(a)(1) through its repeated calls to Plaintiff's cellular phone while Plaintiff is at work.  Plaintiff has repeatedly informed Defendant to stop calling him during his hours of employment, but despite having knowledge that these calls were inconvenient and unwanted, Defendant intentionally persisted with its harassing collection calls.

#### ii. Violations of the FDCPA, §1692d

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692d and d(5) when it continuously called Plaintiff after being notified to stop calling. Defendant continued to place repeated phone calls to Plaintiff's cellular phone with the hopes that the sustained pressure would cause Plaintiff to succumb to Defendant's efforts and remit payment. This repeated behavior of systematically calling Plaintiff's cellular phone, in spite of his demands, was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

### iii. Violations of the FDCPA, § 1692e

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated §1692e and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt. Even though Plaintiff notified Defendant to stop calling on multiple occasions, Defendant blatantly ignored Plaintiff's wishes and deceptively continued to place systematic calls to his cellular phone.

5

33. Defendant's representative even assured Plaintiff that the calls would cease, but these assurances proved to be false, as Defendant continued to call Plaintiff's cellular phone while he has been at work.

### iv. Violations of the FDCPA, § 1692f

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being told to stop calling. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after receiving this information is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

36. As pled in paragraphs 17 through 20, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CHRISTOPHER STAMM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 10th day of November, 2021.     Respectfully Submitted,

      */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Christopher Stamm*